UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JAMES MARION SIMS,<br><br>   Plaintiff,<br><br>  v.<br><br>D. SCANLON,<br><br>   Defendant. | Case No. 17-cv-01905-LB<br><br>**ORDER OF SERVICE**<br>Re: ECF Nos. 1, 10 |

## INTRODUCTION

James Marion Sims, an inmate currently housed at the California State Prison - Sacramento, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 2.)[1] The court reviewed the complaint and dismissed it with leave to amend so that Mr. Sims could provide the true name of a defendant. Mr. Sims then filed a one-page "amended complaint" that contains no allegations but does provide the true name of the defendant. This order construes the "amended complaint" to be an amendment to the complaint, and orders service of process on that one defendant.

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 17-cv-01905-LB

## STATEMENT

Mr. Sims alleges the following in his complaint: On April 11, 2014, an unidentified dentist at Salinas Valley State Prison performed unauthorized cosmetic surgery on Mr. Sims. "The dentist cut 2 of [Mr. Sims'] side teeth in half," damaging his nerves and making it painful to chew hard food. (ECF No. 1 at 3.) The dentist was "deliberat[ely] indifferent to the pain he knew he could cause" Mr. Sims. (*Id.*)

Mr. Sims' "amended complaint" identifies the dentist as D. Scanlon. (ECF No. 10.) The "amended complaint" contains no other allegations.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim on a condition of confinement, such as medical care, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) the defendant was, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Serious medical needs may include dental care needs. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).

The court construes the "amended complaint" (ECF No. 10) to be an amendment to the complaint (ECF No. 1), rather than an actual amended complaint. The difference is that an amendment will be read together with the complaint, whereas an amended complaint would supersede the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

The complaint, as amended, alleges that Dr. Scanlon performed unauthorized and damaging dental work that caused pain to Mr. Sims. A cognizable claim Eighth Amendment claim is stated against Dr. Scanlon for deliberate indifference to Mr. Sims' dental needs.

## CONCLUSION

1. Liberally construed, the complaint, as amended, states a cognizable § 1983 claim against Dr. D. Scanlon for deliberate indifference to Mr. Sims' dental needs. All other defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, a copy of the "amended complaint," a copy of all the other documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form on Dr. D. Scanlon in the dental department at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **October 6, 2017**, the defendant must file and serve a motion for summary judgment or other dispositive motion. If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant must so inform the court prior to the date the motion is due. If the defendant files a motion for summary judgment, the defendant must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time the motion is filed. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, the defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b. The plaintiff must serve and file his opposition to the summary judgment or other dispositive motion no later than **November 3, 2017**. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. If the defendant wishes to file a reply brief, the reply brief must be filed and served no later than **November 17, 2017.**

4. The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents

must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8. The plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: June 30, 2017

LAUREL BEELER
United States Magistrate Judge