UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MARION SIMS,<br><br>   Plaintiff,<br><br>  v.<br><br>D. SCANLON,<br><br>   Defendant. | Case No. 17-cv-01905-HSG (PR)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>Re: ECF No. 23 |

## INTRODUCTION

On April 5, 2017, plaintiff, an inmate at California State Prison–Sacramento, filed this *pro se* civil rights action under 42 U.S.C. § 1983, based on dental work he received at Salinas Valley State Prion ("SVSP"), where he was previously incarcerated. The action was originally assigned to Magistrate Judge Laurel Beeler. In an order issued June 30, 2017, Magistrate Judge Beeler determined that, liberally construed, the complaint stated a cognizable Eighth Amendment claim for deliberate indifference to plaintiff's dental needs and ordered service on SVSP dentist Dr. D. Scanlon. Although plaintiff had also named Salinas Valley State Prison Health Department as a defendant, this defendant was dismissed on Eleventh Amendment immunity grounds. ECF No. 6.[1]

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

1    On January 8, 2018, the action was reassigned to the undersigned pursuant to *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss defendants on initial review because unserved defendants had not consented to proceed before magistrate judge).[2]

Now before the Court is defendant's motion for summary judgment. Plaintiff has filed an opposition, and defendant has filed a reply. For the reasons detailed below, the Court finds that plaintiff has not exhausted his administrative remedies and will therefore GRANT the motion.

## BACKGROUND

Plaintiff alleges that on April 11, 2014, Dr. Scanlon performed unauthorized cosmetic surgery on plaintiff at SVSP. Specifically, according to the complaint, Dr. Scanlon "cut 2 of [plaintiff's] side teeth in half" damaging his nerves and making it painful to chew hard food. ECF No. 1 at 3. Plaintiff alleges that Dr. Scanlon was "deliberat[ely] indifferent to the pain he knew he could cause" plaintiff. *Id.*

In his motion for summary judgment, Dr. Scanlon disputes plaintiff's account and produces evidence showing that while Dr. Scanlon did examine plaintiff on April 11, 2014, he did not provide any dental treatment. ECF No. 24 at ¶ 7; ECF No. 24-6 at 10, 12. Dr. Scanlon provided plaintiff with a CDCR Form 7426 (Informed Consent For Periodontal Treatment). Plaintiff signed the form on April 11, 2014, and Dr. Scanlon co-signed it. ECF No. 24 at ¶ 8; ECF No. 24-6 at 7-8. Performing an examination that day, Dr. Scanlon noted that Sims' tooth #8 had a prior root canal filling, and he observed a darker coronal (crown) section. He advised plaintiff of the poor long-term prognosis of tooth #8 due to advanced attachment loss. ECF No. 24 at ¶ 10; ECF No. 24-6 at 12. Dr. Scanlon noted that the restoration on the tongue side of this tooth was dislodged, exposing the root canal of the tooth. *Id.* Dr. Scanlon advised plaintiff that at his next visit, tooth #8 on the lingual (or tongue) side needed a resin filling to seal the opened access to the root canal. *Id.* Plaintiff agreed to this treatment. *Id.*

---

[2] On January 11, 2018, the Court gave the parties thirty days to file any objections they had to Magistrate Judge Beeler's previous orders. ECF No. 29. That deadline has now passed, and no objections have been filed. The Court has reviewed Magistrate Judge Beeler's previous orders and adopts them.

2

On May 9, 2014, Dr. Scanlon saw plaintiff again. ECF No. 24 at ¶ 11; ECF No. 24-6 at 13-15. In his progress notes, Dr. Scanlon noted that since tooth #8 had open access from a dislodged filling, he cleaned out the tooth with a high speed hand piece and then sealed the access with resin. *Id.* ECF No. 24-6 at 15. There is no other record of plaintiff receiving dental treatment from Dr. Scanlon.

Plaintiff's next dental record is dated October 6, 2014, and only indicates a review of his Unit Health Record by C. Castro, a registered dental assistant at California Correctional Institution. ECF No. 24 at ¶ 12. Plaintiff next received periodontal maintenance on February 20, 2015 from M. Herrera, a registered dental hygienist. ECF No. 24-4 at 16. Plaintiff did not complain of any pain or problems with tooth #8. ECF No. 24-4 at 17. M. Herrera observed moderate bleeding and inflammation on Plaintiff's posterior teeth. ECF No. 24-4 at 18.

**DISCUSSION**

**I.   Motion for Summary Judgment**

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324

3

Northern District of California

1  (citing Fed. R. Civ. P. 56(e) (amended 2010)). The nonmoving party must show more than "the mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Liberty Lobby*, 477 U.S. at 252). "In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citing *Liberty Lobby,* 477 U.S. at 252). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn. 10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Here, plaintiff's verified complaint (dkt. no. 1) is considered in evaluating the motion for summary judgment.

## II. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Prisoners must

now exhaust all 'available' remedies, not just those that meet federal standards." *Id*. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Id*. at 85-86 (citing *Booth*, 532 U.S. at 734). The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Id*. at 93. An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

California state prison inmates are required to complete three levels of appeals to exhaust all available administrative remedies: the first level of review by an appeals officer; the second level of review by the institution head or designee; and the third level of review by the Chief of Appeals for the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. In certain instances, the first level of review may be bypassed. *Id.* Inmates must submit their initial appeal within 30 calendar days of "[t]he occurrence of the event or decision being appealed, or . . . first having knowledge of the action or decision being appealed." *Id.* at § 3084.8(b). Inmates must also submit their appeals to higher levels of review within 30 calendar days of receiving the first- or second-level appeal decision. *See id.* Only a third-level decision exhausts all available administrative remedies. *Id.* at § 3084.1(b). A cancellation or rejection does not. *Id.*

Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones*, 549 U.S. at 215-17. In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Otherwise, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56 of

5

the Federal Rules of Civil Procedure. *Id*. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id*. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id*.

The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. *Id*. at 1172; *see id*. at 1176 (reversing district court's grant of summary judgment to defendants on issue of exhaustion because defendants did not carry their initial burden of proving their affirmative defense that there was an available administrative remedy that prisoner plaintiff failed to exhaust); *see also Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005) (as there can be no absence of exhaustion unless some relief remains available, movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting results of relief already granted as result of that process). Once the defendant has carried that burden, the prisoner has the burden of production. *Albino*, 747 F.3d at 1172. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id*. But as required by *Jones*, the ultimate burden of proof remains with the defendant. *Id*.

**III. Analysis**

Defendant has submitted a declaration (ECF No. 25) from California Correctional Health Care Services deputy director J. Lewis, who oversees the CDCR unit that receives, reviews, and maintains all health care appeals accepted at the third level. The declaration shows there is no record of plaintiff having exhausted an appeal concerning dental treatment by Dr. Scanlon through the third level of review.[3] Rather, the record shows that plaintiff filed a medical appeal at the first level of review on February 23, 2015, regarding dental care he received on April 11, 2014. ECF No. 25 at ¶ 9; ECF No. 25-2 at 6. On March 17, 2015, the appeal was rejected and returned to

---

[3] Both the medical and nonmedical appeals processes are subject to three levels of review. ECF No. 25 at ¶¶ 1-3.

plaintiff with the explanation that the allegations were too general. ECF No. 25 at ¶ 9; ECF No. 25-2 at 14. Plaintiff was advised that he could provide the name of the dentist and any witnesses and resubmit the appeal within thirty days. *See id.* Plaintiff resubmitted the appeal on April 8, 2015, this time naming Dr. Scanlon. ECF No. 25 at ¶ 9; ECF No. 25-2 at 4. On May 13, 2015, the appeal was cancelled for being filed outside of 30 calendar days of the event being appealed. ECF No. 25 at ¶ 9; ECF No. 25-2 at 3.[4] There is no record of plaintiff appealing this cancellation. ECF No. 25 at ¶ 9.

Plaintiff does not dispute these facts. Rather, he contends that he must have met the time limits because the initial March 17, 2015 rejection of the appeal said nothing about time limits and gave plaintiff an opportunity to resubmit the appeal. ECF No. 30 at 14. The Court disagrees. The PLRA requires "proper exhaustion" of all available administrative remedies. *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. Whether an inmate's grievance satisfies the PLRA's exhaustion requirement is determined by the prison's own grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). There is nothing in California's prison grievance procedures that prevents a prison from cancelling an appeal as untimely where an earlier rejection of the same appeal did not mention time constraints. Nor can plaintiff argue that the first appeal he submitted on February 23, 2015 was timely because that too was filed more than 30 days after the April 2014 visit with Dr. Scanlon. The filing of an untimely grievance or appeal is not proper exhaustion. *See Woodford*, 548 U.S. at 83-84.

Plaintiff also cites a state regulatory provision giving non-inmates twelve months to file a complaint against a CDCR peace officer. *See* ECF No. 30 at 15 (citing Cal. Code Regs. tit. 15, § 3391(b). Because plaintiff was an inmate at the time of the events complained of (and remains an inmate), this provision has no possible application to the instant action.

In sum, it is undisputed that the CDCR has an administrative remedy process, and that

---

[4] As noted above, an inmate must submit an appeal "within 30 calendar days of [] [t]he occurrence of the event or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

7

plaintiff was aware of this process. It is also undisputed that plaintiff did not exhaust his administrative remedies with respect to the instant claim. The burden now shifts to plaintiff to provide evidence showing that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. Plaintiff summarily argues that because the cancellation was wrong, his effort to use the grievance system was blocked. *See* ECF No. 30 at 14. A prisoner must provide evidence, not just make conclusory allegations, to meet his burden to show that existing and generally available administrative remedies were effectively unavailable. *See Draper v. Rosario*, 836 F.3d 1072, 1079-80 (9th Cir. 2016). A prisoner's "unsupported allegations" regarding impediments to exhaustion are insufficient to create a triable issue of fact. *Id.* (plaintiff's statements that prison officials had "engaged in impeding and unethical conduct of obstructing [his inmate appeals] from being exhausted in a timely manner," and had "prohibited and impeded" his efforts to exhaust were insufficient to create a triable issue because the prisoner did not explain what kinds of impeding and unethical conduct occurred). Here, plaintiff does not explain what about his particular case made the existing and generally available administrative remedies unavailable to him, identify any specific action that prison staff took that impeded plaintiff's ability to exhaust his administrative remedies on time, or otherwise explain why he failed to comply with the administrative process. *See Draper*, 836 F.3d at 1080. Instead, the undisputed facts show that plaintiff was aware of the administrative appeals process and utilized it to file several medical grievances before filing this action, including at least two that were exhausted at the third level of review. *See* ECF No. 25-1 at 2-4.

Accordingly, the Court finds that there is no genuine issue of material fact as to whether administrative remedies were available to plaintiff, and whether he failed to properly exhaust.[5]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment without prejudice to plaintiff filing a new action after exhausting California's prison

---

[5] Because the Court finds that plaintiff has failed to exhaust his administrative remedies, the Court declines to address defendant's alternative arguments for summary judgment.

8

administrative process. *See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (proper course in claims dismissed due to failure to exhaust administrative remedies is dismissal without prejudice to refiling). The Clerk is directed to enter judgment in favor of defendant and close the file.

**IT IS SO ORDERED.**

Dated: 9/4/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge